IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

DAVID W. ALLEN
ADC # 140483                                                                                              PLAINTIFF

V.                                              4:08CV04215 JMM

CATHEIN L. ABEL, Bookeeper, TLI
Trucking Co., JACK W. ABEL; and
ROBERT V. THIEN, II                                                                                DEFENDANTS

## ORDER OF DISMISSAL

Plaintiff, a prisoner at the Varner Unit of the Arkansas Department of Correction, filed a *pro se* Complaint (docket entry #2) alleging that the Defendants have stolen from him.  After carefully reviewing Plaintiff's Complaint pursuant to its screening function under 28 U.S.C. § 1915A(a), the Court concludes that this action must be dismissed, for failure to state a cognizable claim for relief under § 1983.

### I.  Screening

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C.  § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.  § 1915(A)(b).

1

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989). An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a *pro se* complaint under §1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 112 S.Ct. 1728, 1733 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). But regardless whether a plaintiff is represented or appearing *pro se*, his complaint must allege specific facts sufficient to state a claim and must not be merely conclusory in its allegations. *See Martin v. Sargent*, 780 F .2d 1334, 1337 (8th Cir.1985).

## II. Analysis of Plaintiff's Claims

In his Complaint, Plaintiff states that the Defendants stole Plaintiff's SSI checks, the balance of his bank account, personal property from his pawn shop, and motor vehicles, together worth more than $100,000. Plaintiff's claims must fail in federal court because these Defendants are not state actors and theft of property is not a constitutional claim.

In order to state a cognizable claim for money damages under 42 U.S.C. § 1983, Plaintiff must allege that the conduct of a defendant acting "under color of state law" deprived them of a right, privilege, or immunity secured by the federal Constitution or laws of the United States. 42 U.S.C.

§ 1983; *Hamilton v. Schriro*, 74 F.3d 1545, 1549 (8th Cir. 1996). In the absence of a federal question (such as a violation of civil rights under § 1983) or diversity of citizenship (each of the Defendants are also Arkansas residents) this Court does not have jurisdiction over the claims raised in the Complaint. Plaintiff should instead pursue his claims for restitution through the state courts.

### III. Conclusion

IT IS THEREFORE ORDERED that Plaintiffs's Complaint (docket entry #2) is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted, and Plaintiff's Application to Proceed *In Forma Pauperis* (docket entry #1) is DENIED as moot. Dismissal of this action constitutes a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

DATED this 29th day of December, 2008.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."